AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DAHIAN DE LA CRUZ-DEL ROSARIO, | ) | Case No. |
| a/k/a JOHN OMAR CIRINO-CORDERO | ) | 18- 84 M |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 13, 2018_____ in the county of _____New Castle_____ in the

_____ District of ____Delaware____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal Reentry of Previously Removed Alien |

This criminal complaint is based on these facts:

See the attached Affidavit.

FILED

MAY 02 2018

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Charles Gaylord, ICE Deportation Officer
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____05/02/2018_____

_____
*Judge's signature*

City and state: _____Wilmington, Delaware_____      Hon. Christopher J. Burke, U.S. Magistrate Judge
_____
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **CRIM. ACT. NO. 18-_____** |
| ) | |
| DAHIAN DE LA CRUZ-DEL ROSARIO, ) | |
| a/k/a JOHN OMAR CIRINO-CORDERO ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

Your affiant, Charles Gaylord, being duly sworn, does depose and say:

1. Your affiant is a deportation officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. Your affiant has been employed by Immigration and Customs Enforcement since July 2, 2007.

2. This investigation is based upon information provided in DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and previous interviews. Since this affidavit is only for purposes of establishing probable cause for an arrest pursuant to Title 8, United States Code, Sections 1326(a) and (b)(2), not all facts related to this investigation are contained herein.

3. On or about February 8, 2018, Delaware State Police Troop 3 in Dover, Delaware notified the ICE Dover office that a possible illegal alien was incarcerated at the James T. Vaugh Correctional Institution in Smyrna, Delaware. Immigration officials conducted ICE database and NCIC record checks, which indicated that the subject, Dahian De La Cruz- Del Rosario, was a possible illegal alien from the Dominican Republic.

4. On February 13, 2018, Your affiant interviewed Dahian De La Cruz- Del Rosario at the James T. Vaughn Correctional Institution in Smyrna, Delaware. Once advised of his rights in

Spanish pursuant to *Miranda v. Arizona*, De La Cruz- Del Rosario signed a written waiver of his rights and agreed to speak with Your affiant.  The subject stated that his true and correct name is Dahian De La Cruz- Del Rosario and that he was born in, and is a citizen of, the Dominican Republic.  De La Cruz- Del Rosario admitted his prior removal from the United States and knew that he had re-entered the United States illegally without first obtaining the permission of the Attorney General of the United States or of the Undersecretary for Border and Transportation Security of the DHS.

5. On February 13, 2018, Your affiant obtained the fingerprints of Dahian De La Cruz- Del Rosario from the State of Delaware. Your affiant queried the subject's fingerprints in ICE's automated database. The results of that query showed that these fingerprints matched Alien #XXX-XXX-790. Your affiant also searched De La Cruz- Del Rosario's fingerprints in the FBI database. These fingerprints matched FBI # XXXXXXDD4.

6. Your affiant has reviewed DHS/ICE alien database records and Dahian De La Cruz- Del Rosario's ICE alien file (XXX-XXX-790), which indicates that the subject was born in the Dominican Republic and that he originally entered the United States on an unknown date sometime before July 2, 2015, at or near Houston, Texas without inspection or parole by an Immigration Official. The records also confirmed the following:

a. ICE encountered De La Cruz- Del Rosario in the United States on July 2, 2015, at or near Wilmington, Delaware. De La Cruz- Del Rosario was taken into custody and issued a Notice to Appear on December 7, 2015.

b. On December 16, 2015, an Immigration Judge in York, Pennsylvania ordered the removal of De La Cruz- Del Rosario

c. On or about February 2, 2016, Immigration officials physically removed De La

Cruz- Del Rosario to the Dominican after he pled guilty to one count of manufacturing, delivering, or possession with intent to deliver, a felony offense punishable by more than one year of incarceration, on or about June 16, 2015.  The records contain no indication that he had obtained permission from the United States government to re-enter the country.

7.  After removal from the United States, Delaware State Police arrested De La Cruz- Del Rosario for manufacturing, delivering, or possession with intent to deliver controlled substances on February 2, 2018.  The State of Delaware convicted De La Cruz- Del Rosario on March 9, 2018. This charge is a felony offense punishable by more than one year of incarceration.  The defendant did not receive permission to reenter the United States prior to this arrest.

8.  Each of these felony convictions in the State of Delaware is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) as they resulted from illicit trafficking in a controlled substance.

WHEREFORE, Your affiant avers that there is probable cause to believe that (a) immigration officials previously ordered the removal of De La Cruz- Del Rosario, a citizen and alien of the Dominican Republic, to the Dominican Republic on or about December 16, 2015; (b) De La Cruz- Del Rosario was actually removed on or about February 2, 2016; (c) ICE officials encountered De La Cruz- Del Rosario in the United States on February 13, 2018; (d) De La Cruz- Del Rosario was previously convicted of two aggravated felonies punishable by over one year in prison; and (e) De La Cruz- Del Rosario did not have the permission or express consent to reapply for admission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, as provided for in Title 6, United States Code,

3

Sections 202(3), 202(4), and 557, in violation of Title 8, United States Code, Sections 1326(a) and

(b)(2).

 

 

C. _____

Charles Gaylord
Deportation Officer
United States Immigration & Customs Enforcement


Subscribed and sworn to MAY
before me this 2nd day of, 2018


_____

Honorable Christopher J. Burke
United States Magistrate Judge
District of Delaware